UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-60775-CIV-MARRA/JOHNSON

KEVIN KILPATRICK,

    Plaintiff,

v.

TOWN OF DAVIE,

    Defendant.
_____/

**OPINION AND ORDER VACATING CLERK'S ENTRY OF DEFAULT**

THIS CAUSE comes before the Court on Defendant Town of Davie's Motion to Set Aside Default (DE 8), filed July 22, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On May 22, 2008, Plaintiff Kevin Kilpatrick ("Plaintiff") filed his Complaint (DE 1) against Defendant Town of Davie ("Defendant"), alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Defendant was served on May 30, 2008. (DE 4/5.) When Defendant failed to respond within twenty days as required by Fed. R. Civ. P. 12(a)(1)(A)(i), Plaintiff filed a motion for entry of default on July 2, 2008. (DE 4.) Default was entered by the Clerk of the Court on July 3, 2008. (DE 7.)

1

Defendant now moves the Court to vacate the entry of default. Defendant claims that its failure to respond was the result of a clerical error by its claims administrator. (*See* Def. Mot. 1, 3.) Defendant claims that it acted swiftly to correct the mistake upon learning of it. Further, Defendant claims that granting this motion would not be prejudicial to Plaintiff and that Defendant has demonstrated that it has a "meritorious defense." In response, Plaintiff claims that Defendant has not established "good cause," because a clerical mistake cannot form the basis of good cause. Moreover, Plaintiff claims that Defendant has not demonstrated a "meritorious defense" and that Plaintiff is prejudiced by Defendant's delay.

**Discussion**

Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default, and the Court's decision will only be reviewed for abuse of discretion. *Robinson v. US*, 734 F.2d 735, 739 (11th Cir. 1984); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).[1] "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support her claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). "Good cause" is a far more lenient standard than the related "excusable neglect" standard used to justify vacatur of a default judgment pursuant to Fed. R. Civ. P. 60(b). *See, e.g., E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

In evaluating whether a movant has demonstrated "good cause," courts have considered several potential factors: whether the default was culpable or willful; whether setting the default aside would be prejudicial to the opposing party; whether the defaulting party presents a meritorious defense; whether public interests have been implicated; whether the defaulting party has suffered significant financial losses; and whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are simply guidelines and are not "talismanic." *Id.* While willfulness, prejudice, and a meritorious defense are the most oft considered factors, "the failure of a district court to expressly consider them does not necessarily constitute an abuse of discretion." *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003).

In evaluating the circumstances surrounding Defendant's default, the Court concludes that they weigh in favor of Defendant. Defendant surely made mistakes in its handling of this case. As Plaintiff argues, Defendant's failure to establish "minimum procedural safeguards" for receiving legal pleadings is inexcusable neglect. *See Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). However, in ruling on a motion to set aside a default, Defendant need not show "excusable neglect" for its failure to respond – only good cause. *Mike Smith Pontiac*, 896 F.2d at 528. The failure to establish procedural safeguards was not willful or culpable because it was not done out of contempt for the authority of the Court. *See Compania Dominicana*, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.").

Further, when Defendant finally learned of the default, Defendant acted in a reasonable time to respond and attempt to vacate the entry of default. Less than three weeks elapsed between the Clerk's entry of default and Defendant's attempt to correct the mistake. The Court cannot conclude that Defendant was willfully ignoring this action and manifesting any intentional disrespect for the Court.

Moreover, the Court cannot conclude that Plaintiff would be prejudiced by vacatur of the default. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006). The Court can find no argument or evidence to suggest that Plaintiff would be materially prejudiced, and Plaintiff has articulated no prejudice to its case other than delay.[2] Since Plaintiff cannot articulate any potential prejudice to it from allowing this action to go forward, the Court concludes that this factor favors vacatur of the Clerk's entry of default.

Finally, with respect to a meritorious defense, "[l]ikelihood of success is not the measure." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). Instead, the movant need only provide "a hint of a suggestion" that its case has merit. *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). Here, Defendant has provided a "clear and

---

[2] In fact, Plaintiff's only prejudice argument is as follows: "By delaying this lawsuit by months for its failure to respond, [Defendant] has prejudiced [Plaintiff] and allowing [Defendant] to continue the charade that it has been playing with this officer's life for almost five years now will only add to his prejudice." (Pl. Resp. 8.) The Court fails to see how this action has been delayed "by months," given that Defendant realized its mistake and attempted to correct it less than one month after its response was due under the Federal Rules of Civil Procedure.

specific statement showing, not by conclusion, but by definite recitation of facts" that it has a colorable defense. *Atlantic Dredging & Construction Co. v. Nashville Bridge Co.*, 57 F.2d 519, 521 (5th Cir. 1932). Defendant has explained the elements of Plaintiff's prayer for relief,[3] and Defendant has stated specific facts and legal arguments to present as defenses to Plaintiff's charges. The Court cannot and should not decide whether these arguments have merit. Instead, the Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit. Concluding that Defendant has colorable arguments, this factor must weigh in favor of vacatur.

Plaintiff offers no additional arguments why vacatur of the Clerk's entry of default would be inappropriate. Likewise, the Court can find no plausible reason why the Clerk's entry of default should be maintained, in light of the Court's policy of ruling on the merits of a case whenever possible.

Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk's Entry of Default (DE 7) is **VACATED**. Defendant shall file his Answer within ten (10) days from the date of entry of

---

[3] The Eleventh Circuit has recognized two cognizable claims under the FMLA: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works and Sewer Board of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). Upon consideration of the Complaint, the Court cannot determine whether Plaintiff's sole count under the FMLA is a charge of interference or retaliation. In other words, the Court does not know whether Plaintiff seeks relief for a retaliatory discharge or for a failure to reinstate him to his previous position. Because of this ambiguity, the Court must give Defendant significant leeway in presenting its "meritorious defense," since the methods of proof and defenses to interference claims and retaliation claims are not similar. *See Strickland*, 239 F.3d 1206-07.

this Order.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of August, 2008.

                                                       _____
                                                     KENNETH A. MARRA
                                                     United States District Court

Copies furnished to:
all counsel of record