UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-60775-CIV-MARRA/JOHNSON

KEVIN KILPATRICK,

    Plaintiff,

v.

TOWN OF DAVIE,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE came before the Court on Plaintiff Kevin Kilpatrick's ("Plaintiff" or "Kilpatrick") Motion for Partial Summary Judgment (DE 24), filed April 30, 2009, and Defendant Town of Davie's ("Defendant" or "Town") Motion for Summary Judgment (DE 26), filed May 4, 2009. The motions are fully briefed and ripe for review. The Court has reviewed the motions, responses, and replies, the entire file in this case, and is otherwise duly advised in the premises.

**Background**

Plaintiff, a former employee of Defendant, brought a claim against Defendant for interfering with his rights under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") (See Compl., DE 1). Plaintiff alleges that the Town placed him on forced FMLA leave during November 2003 through February 2004 and that the Town interfered with his FMLA rights by refusing to reinstate him for duty despite a certification by his physician that he was fit for duty. Compl. ¶ 13-17, 37-39. Eventually, after years of being placed on administrative

1

leave with pay, the Town terminated Plaintiff on January 2, 2008, asserting that he was unfit for duty. Compl. ¶ 34. The Town acknowledges that it sent Plaintiff a January 29, 2004 letter designating a period in November 2003 through February 2004 as FMLA leave. However, the Town maintains that Plaintiff's interference claim fails because Plaintiff was never actually on FMLA leave. See DE 26 at 6-8.

## STANDARD OF REVIEW

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). When deciding whether summary judgment is

appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (citations and quotations omitted).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir.1989).

## DISCUSSION

Pursuant to the FMLA, an eligible employee is entitled to up to twelve workweeks of leave in a given year because "of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). It is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. 9 U.S.C. § 2615(a). The Eleventh Circuit has recognized that § 2615(a) creates two types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA], and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the [FMLA]." Hurlbert v. St. Mary's Health Care System, Inc., 439 F.3d

1286, 1293 (11th Cir. 2006) (internal citations omitted). To state a FMLA interference claim, a plaintiff must demonstrate by a preponderance of the evidence that he was entitled, under the FMLA, to a benefit that was denied. Strickland v. Waterworks and Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001). In addition to establishing liability, a plaintiff must establish that he has "been prejudiced by the violation: The employer is liable only for compensation and benefits lost 'by reason of the violation ...' " Ragsdale v. Wolverine Worldwide Inc., 535 U.S. 81, 89, (2002) (quoting 29 U.S.C. § 2617(a)(1)(A)(i)(II)).

Here, Plaintiff filed suit against the Town for interfering with his FMLA rights. Specifically, he claims that, pursuant to the FMLA, he was entitled to reinstatement upon receipt of the certification from his physical finding him able to return to work, but that the Town refused to reinstate him despite the receipt of the medical certification and his demand for reinstatement.[1]

After reviewing the summary judgment motions and attached exhibits, the Court concludes that factual questions exist with regard to whether Plaintiff was actually on FMLA leave. While Plaintiff assumes throughout his motion that he was on FMLA leave, the Town maintains that it is undisputed that he was never placed on FMLA leave. Plaintiff has provided a letter dated January 29, 2004 from the Town of Davie Department of Human Resources Management stating, in pertinent part:

---

[1] 29 U.S.C. § 2614(a)(4) provides as follows: Certification. As a condition of restoration under paragraph (1) for an employee who has taken leave under section 2612(a)(1)(D) of this title, the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work, except that nothing in this paragraph shall supersede a valid State or local law or a collective bargaining agreement that governs the return to work of such employees.

> Please be informed that the period of time from November 25, 2003 through January 29, 2004 (9 ½ weeks) has been designated as FMLA leave. Please be further informed that under the FMLA Act, your maximum allowable leave remaining is two and one-half (2 ½) weeks, through February 16, 2004.

See DE 21-7. While the Town acknowledges the January 29, 2004 letter, it has provided evidence to support its position that Plaintiff was not actually placed on FMLA leave. The evidence is as follows: Plaintiff received no other notice concerning FMLA leave other than the January 29, 2004 letter. See DE 26, Ex. 3 [51:8 - 51:19], Ex. 13 [33:12 - 33:16]. Plaintiff never requested FMLA leave, nor did he ever provide any certification that he should be placed on FMLA leave. DE 26, Ex. 3 [32:2 - 32:5]; [81:9 - 81:20]; [96:18 - 97:5]. None of the doctors or psychologists seen by Plaintiff ever certified that Plaintiff should be placed on FMLA leave or should be returned from FMLA leave. See DE 26, Ex. 3 [81:17 - 81:20]; [96:18 - 97:1]; Ex. 15 [35:12 -35:20]; [36:4 -36:12]; [40:7 - 40:16]; [75:1 - 75:5]; [75:16 - 76:8]; [78:21 -78:24], Ex. 13 [33:17 - 34:4]; [64:23 - 65:25]. Despite the January 29, 2004 letter being sent to him, Plaintiff continued on full pay and benefits before, during and after the 12-week period designated in the letter. See DE 26, Ex. 3 [32:17 -32:21]; [33:13 - 34:12]; [40:17 - 40:22]. Plaintiff was not compelled to use sick leave during this period since he was on full pay and benefits. See DE 26, Ex. 13 [17:15 - 20:5]; [20:11 - 20:16]; [21:11 - 22:22]; [27:21 - 28:8], Ex. 53. Plaintiff received full pay and benefits up until the date of his termination on January 2, 2008. See DE 26, Ex. 3 [76:18 - 77:14]; [78:11 - 78:22]; [81:1 - 81:3]; [96:8 - 96:17]; [97:10 - 97:16]; Ex. 13, [57:12 -58:5]. Plaintiff's payroll record shows that there was no FMLA leave taken or any time designated as FMLA leave from October 30, 2003 to January 2, 2008. See DE 26, Ex. 13, [26:21-27:2]; [61:19 - 62:7], Ex 53.

Plaintiff's claim for interference with his rights under the FMLA is entirely premised on

5

his position that he was placed on FMLA leave. If he did not request FMLA leave and he was not placed on FMLA leave, the Town could not have interferred with Plaintiff's rights under the FMLA. As explained above, the parties dispute whether Plaintiff was on FMLA leave and they have submitted conflicting evidence in support of their positions. Thus, a jury question is presented. Verbraeken, 881 F.2d at 1045. Accordingly, genuine issues of material fact preclude granting summary judgment in this case.

## Conclusion

Based on the foregoing, there are genuine issues of material fact precluding summary judgment in favor of either party as to Plaintiff's claim for interference with his rights under the FMLA as alleged in the one-count Complaint. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for Partial Summary Judgment (DE 24) is **DENIED.**

(2) Defendant's Motion for Summary Judgment (DE 26) is **DENIED**.

(3) Defendant's Motion to Strike Declaration (DE 29) is **DENIED AS MOOT.**

(4) Defendant's Motion to Strike Report Exhibit (DE 31) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of June, 2009.

KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record